# EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET    2024-CAB-008020

Zion Seward and Tyia Black
_Plaintiff(s)_

Case Number: _____

vs

Date: December 19, 2024

District of Columbia; Department of Human Services
_Defendant(s)_

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>James E. Rocap, III | Relationship to Lawsuit |
| Firm Name:<br>Steptoe LLP | ☑ Attorney for Plaintiff |
| Telephone No.: DC Bar No.:<br>(202) 429-8152    912840 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other: Declaratory and Injunctive Relief

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**CONTRACT**

☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**

☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

☐ Breach of Contract
☐ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**

☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement

☐ Ejectment
☐ Eminent Domain
☐ Interpleader

☐ Other
☐ Quiet Title
☐ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**

☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other

☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**

☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**

☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☑ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

_____
Filer/Attorney's Signature

December 19, 2024
_____
Date

CV-496/February 2023

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Zion Seward and Tyia Black
_____
Plaintiff

vs.                                                    2024-CAB-008020

DC Department of Human Services                        Case Number _____
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James E. Rocap, III
_____
Name of Plaintiff's Attorney

1330 Conn. Ave., N.W.
_____
Address
Washington, D.C.  20036
_____

202-429-8152
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk
December 20, 2024

Date _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시요.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

eFiled
12/19/2024 1:49:22 PM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| ZION SEWARD<br>1676 Maryland Ave, N.E., Apt 217<br>Washington, D.C. 20002<br><br>TYIA BLACK,<br>137 35th Street, NE, Apt 3<br>Washington, D.C. 20019<br><br>individually, and on behalf of all others<br>similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>DISTRICT OF COLUMBIA DEPARTMENT<br>OF HUMAN SERVICES,<br><br>      Defendants. | 2024-CAB-008020<br><br>Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF** |

Plaintiffs Zion Seward (Ms. Seward") and Tyia Black (Ms. Black") (together, the "Named Plaintiffs") by and through undersigned counsel, individually and on behalf of all others similarly situated (with the Named Plaintiffs, the "Plaintiffs") bring the following class action for declaratory and injunctive relief.

### INTRODUCTION AND SUMMARY OF RELIEF SOUGHT

**The Rapid Rehousing Program**

1.     In 2005, the District of Columbia passed the Homeless Services Reform Act ("HSRA") to "reaffirm the District of Columbia's commitment to addressing the problem of homelessness . . . to codify the rights and responsibilities of clients of homeless services providers, and the standards by which the District of Columbia and homeless service providers

must deliver services to . . . clients . . . ."  Preamble, D.C. Act 16-169, Vol. 52, No. 34 D.C. Reg. 8113 (Aug. 26, 2005).

2.      The Continuum of Care section of the HSRA includes Rapid Re-Housing programs "for the purpose of providing housing relocation and stabilization services and time-limited rental assistance to help a homeless individual or family move as quickly as possible into permanent housing and achieve stability in [that] housing." D.C. Code § 4-753.01(b)(4)(B)(i).

3.      One of the Rapid Rehousing Programs is entitled the Family Re-Housing and Stabilization Program ("FRSP" or "Program").

**Elimination Of Meaningful Procedural**
**Due Process Rights Upon Exit From The FRSP**

4.      From the beginning of FRSP until July 10, 2024, if an FRSP participant received a Notice of Program Exit ("NPE") or termination, the participant was statutorily entitled to appeal the NPE to the Office of Administrative Hearings ("OAH") for a two-step hearing process, including an administrative review at defendant Department of Human Services ("DHS") and a fair hearing at OAH.  If the participant appealed the NPE within fifteen (15) days of receipt of the NPE, the participant was entitled to remain in the Program and receive benefits, including the payment of a rental subsidy, until a final decision in the OAH proceedings.  These rights were set forth in the HSRA, in regulations promulgated by DHS, and in "Program Rules" authorized by the HSRA and approved by the Mayor or the Mayor's designees.

5.      Effective on or about July 10, 2024, the HSRA eliminated the right of certain participants in the FRSP to appeal an NPE to OAH, and replaced that right with an "on the papers" administrative review by DHS, which administers the FRSP and authorizes all NPEs. The administrative review is limited to a single issue, namely, whether the participant had been in the FRSP for longer than twelve (12) months.  If so, DHS will deny the appeal and that

2

decision is final.  The FRSP participant will only continue to receive benefits pending appeal for the period of time between the "appeal" and the conclusion of the DHS-conducted administrative review.  Collectively, the foregoing amendments to the HSRA are referred to as the "2024 Exit Rights Elimination Amendments".

6.      On September 27, 2024, DHS enacted "Emergency Regulations" (purportedly adopted and effective as of September 17, 2024) stating that those participants, all of whom entered the FRSP program prior to the 2024 Exit Rights Elimination Amendments, are nevertheless subject to those Amendments, do not have a right to appeal NPEs to OAH, are restricted to an administrative review limited to the single issue of time in the Program, which review is conducted "on the papers and without an in-person hearing if the purpose of the administrative review is to ascertain the validity of a decision to exit the participant because the participant reached the end of their FRSP assistance period," and are not entitled to continuing benefits beyond the date of the decision in the administrative review.

**De Facto Elimination Of Statutory Right
To Consideration Of Extension Requests By FRSP Participants**

7.      Since the beginning of the FRSP, participants have had the regulatory right, and beginning in the latter half of 2023 the statutory right, to request and be considered for an extension of time to participate in the FRSP beyond the initial twelve-month period of participation.  Initially, the FRSP regulations provided that such extensions would be considered "if funding is available."  Beginning in July 2023, the D.C. Council codified this right through the Family Re-Housing Stabilization Program Protection Congressional Review Emergency Amendment Act of 2023 ("FRSP Protection Act" or "Act").  D.C. Act 25-196 (July 31, 2023); D.C. Act 25-273 (October 26, 2023); and D.C. Act 25-75 (November 28, 2023) (all amending D.C. Code § 4-753.01(b)(4)(B)).  In July 2024, and again in October 2024, the D.C. Council

enacted emergency legislation continuing this right.  D.C. Act 25-522 (July 23, 2024); D.C. Act 25-586 (Oct. 24, 2024).

8.      The FRSP Protection Act and its successor acts included – for denials of extension requests only – the traditional due process rights enshrined in the HSRA prior to the 2024 Exit Rights Elimination Amendments, including the right to appeal the denial of an extension request to OAH and the right to remain in the Program and receive benefits until a final decision in the OAH proceeding, if the appeal is filed within fifteen (15) days of receipt of the extension denial.

9.      Through arbitrary and capricious administrative decision making, DHS has attempted to eliminate FRSP participants' right to seek an extension under the FRSP Protection Act.  In particular, Fiscal Year 2025 commenced on October 1, 2024.  DHS received an allocation of over $60 million in D.C.'s FY25 budget for the FRSP for the entire Fiscal Year. On October 11, 2024, however, a mere ten calendar days after FY 2025 commenced, DHS "announce[d] the exhaustion of funding for extensions of Family Re-Housing and Stabilization Program (FRSP) assistance beyond the standard program period of twelve (12) months for Fiscal Year 2025" and that "requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for Fiscal Year (FY) 2025" (the "FY 2025 No Funding Announcement").  During Fiscal Year 2024, DHS made a similar arbitrary and capricious determination to circumvent the requirements of the FRSP Protection Act.  Thus, on April 5, 2024, halfway through FY 2024, DHS announced that, for FY 2024, it had exhausted "funding for extensions" and that "requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year (FY) 2024" (the "FY 2024 No Funding Announcement").

10.     DHS's "no funding available" announcements in FY 2024 and FY 2025 effectively seek to eliminate any right by an FRSP participant to consideration for extensions, despite their historical and critical importance to the success of the Program and the D.C. Council's repeated legislation providing for such consideration.  They also circumvent the traditional due process rights afforded FRSP participants, which were maintained in both the Program Rules and  FRSP Protection Act and its successor acts for denials of extension requests, despite the 2024 Exit Rights Elimination Amendments.

**Issuance Of NPEs Without The Right To Consideration**
**Of Extension Requests Or Due Process Rights To Challenge The NPEs**

11.     In October 2024, DHS authorized and directed its contracted service providers to issue almost 1,000 new NPEs to FRSP participants who had been in the FRSP for longer than twelve (12) months by the end of 2024.

12.     The NPEs (all using a standard form created by DHS containing substantially similar language) generally state that the FRSP participant is being exited and that all FRSP assistance will be discontinued after a date certain, usually the last date of the calendar month following the date of the NPE.  The boilerplate reason provided as a basis for the NPE is that "[y]ou have reached the twelve (12) month limit for receiving FRSP assistance on [date inserted]."  With respect to extensions, the form notice states that "Program Extension Requests Shall Not Be Considered Due to Funding Constraints."  What is left of the participant's appeal rights following the 2024 Exit Rights Elimination Amendments are set forth on page 3 of the NPE.  Copies of the NPEs provided to Named Plaintiffs are attached hereto as Exhibit 1.

**Summary Of This Class Action And The Relief Sought**

13.     First, the 2024 Exit Rights Elimination Amendments cannot be applied retroactively to eliminate the rights of families who were FRSP participants prior to the passage

of the Amendments, for constitutional, statutory, and regulatory reasons.  This action is intended to preserve the pre-existing rights of all such FRSP participants set forth in the HSRA, applicable regulations, and Program Rules, including the right to challenge an exit on grounds beyond the participant's time in the Program, the right to a due process hearing before OAH, and the continuation of benefits pending appeal for those appeals filed within fifteen (15) days of the participant's receipt of notice of the NPE.

14.    Second, DHS's implementation of the 2024 Exit Rights Elimination Amendments, through its Emergency Regulations purporting to be effective as of September 17, 2024, and its standard form NPEs issued beginning in October 2024, is unconstitutionally vague and inadequate for purposes of due process.

15.    Third, the FY 2025 No Funding Announcement on its face is not credible, and instead represents an arbitrary and capricious action by DHS in violation of the D.C. Administrative Procedure Act.  The Announcement should be declared null and void, DHS should be enjoined from refusing to consider FRSP participant extension requests on the basis that "no funding is available" for such requests, and DHS should be further enjoined to administer the FRSP in a manner consistent with its purpose and intent, and the purpose and intent of the most recent iteration of the FRSP Protection Act and the Program Rules.

## JURISDICTION AND VENUE

16.    This Court has subject-matter jurisdiction pursuant to D.C. Code § 11–921.

## PARTIES

### Plaintiff Zion Seward

17.    Zion Seward is a District of Columbia resident participating in FRSP in the District with her three-year-old daughter.

18.    Ms. Seward entered the FRSP in January 2023 and was assigned a case manager at that time.  Thereafter, she was assigned three different case managers by her provider, Echelon.

19.    Ms. Seward has health issues that have made it difficult to find and maintain full time employment.

20.    Ms. Seward's rent is currently $2,516, and her FRSP subsidy covers the entire rental cost.  While Ms. Seward began working in November 2024, given her health issues and the high cost of housing, she is not assured that her income will be sufficient to afford market rent without the FRSP subsidy or a permanent housing voucher.

21.    On or about October 24, 2024, Ms. Seward received an NPE stating that she would be exited from FRSP on November 30, 2024, that she would receive her last FRSP rental subsidy payment for the month of November 2024, and that she would not receive case management or other supportive services after November 30, 2024.  Ex. 1.  The NPE stated that Ms. Seward had reached the twelve (12) month limit for receiving FRSP assistance on November 30, 2024.  *Id.*  It further stated, in unequivocal terms, that program extension requests "shall not be considered due to funding constraints."  *Id.*  The NPE stated that her appeal "would be resolved solely by a DHS Administrative Review" and that the "Administrative Review will be the **final decision**."  *Id.*  Other than advising Ms. Seward of the method for initiating an appeal, the NPE did not provide any information on the process for the appeal or the issues to be addressed.

22.    On information and belief, despite DHS's statements in the NPE that an appeal is limited to the Administrative Review, it has not created or made available any form for appealing an NPE to DHS for an Administrative Review.  Accordingly, when Ms. Seward contacted her

provider (Echelon) pursuant to the directions in the NPE to file an appeal, Echelon prepared a

Request to Appeal using a standard form provided by OAH and submitted the form to OAH.

**Plaintiff Tyia Black**

23.      Tyia Black is a District of Columbia resident participating in FRSP in the District

with her three-year-old son.

24.      Ms. Black entered the FRSP in April 2023 and was assigned a case manager

through Veterans on the Rise.

25.      Ms. Black's son has medical issues that have required medical attention.

Additionally, Ms. Black has several health issues.  Both of these have made it difficult for Ms.

Black to seek and maintain full time employment.

26.      Ms. Black's rent is currently $1,550.  She pays $152 per month and her FRSP

subsidy covers $1,398. Given the difference between her income and the rent for her apartment,

Ms. Black cannot afford market rent without the FRSP subsidy or a permanent housing voucher.

27.      On or about November 12, 2024, Ms. Black received an NPE stating that she

would be exited from FRSP on December 31, 2024, that she would receive her last FRSP rental

subsidy payment for the month of December 2024, and that she would not receive case

management or other supportive services after December 31, 2024.  Ex. 1.  The NPE stated that

Ms. Black had reached the twelve (12) month limit for receiving FRSP assistance on December

31, 2024.  *Id.*  It further stated, in unequivocal terms, that program extension requests "shall not

be considered due to funding constraints."  *Id.*  The NPE stated that her appeal "would be

resolved solely by a DHS Administrative Review" and that the "Administrative Review will be

the **final decision**."  *Id.*  Other than advising Ms. Black of the method for initiating an appeal, the

NPE did not provide any information on the process for the appeal or the issues to be addressed.

28.     On information and belief, despite DHS's statements in the NPE that an appeal is limited to the Administrative Review, it has not created or made available any form for appealing an NPE to DHS for an Administrative Review.  Accordingly, when Ms. Black contacted her provider (Veterans on the Rise) pursuant to the directions in the NPE to file an appeal, Veterans on the Rise prepared a Request to Appeal using a standard form provided by OAH and submitted the form to OAH.

**Defendants**

29.     Defendants are the District of Columbia and the District of Columbia Department of Human Services ("DHS").  DHS is charged by statute with administering the FRSP.

**STATUTORY, REGULATORY AND PROGRAM BACKGROUND**

**Pre-July 2024 Due Process and Extension Rights of FRSP Participants**

30.     FRSP is a rental subsidy program designed to assist families experiencing homelessness or the imminent risk of homelessness.  FRSP is the family program of rapid re-housing which is "a program that provides housing relocation and stabilization services and time limited rental assistance, as necessary, to help a homeless individual or family move as quickly as possible into permanent housing and achieve stability in permanent housing such that recipients may remain in the housing when assistance ends."  D.C. Code § 4-753.01(31A) (2018).

31.     Prior to July 10, 2024, the Program Exit section of the HSRA stated: "(a) A provider may exit a client from a housing program only when: (A) The housing program is provided on a time-limited basis, and the client's time period for receiving services has run; (B) The Mayor determines that the client cannot be recertified to continue receiving services; and (C)

The client was assigned to the provider for substantially all of the client's time in the housing program." D.C. Code § 4-754.36b(a)(1)(A-C) (2018).

32.    Prior to July 10, 2024, the HSRA stated that if an FRSP participant received an NPE from participation in the FRSP, the participant was entitled to appeal the NPE to the Office of Administrative Hearings. "The Office of Administrative Hearings shall grant a fair hearing to any client or client representative who wishes to appeal a decision listed in subsection (b) of this section and who requests such a hearing, orally or in writing, within 90 days of receiving written notice of the adverse action." D.C. Code § 4-754.41(a) (2005). Subsection (b) provided that an FRSP participant "may request a fair hearing to . . . (2) Review any decision of a provider of services to . . . (F) Exit the client from a housing program." D.C. Code § 4-754.41(b) (2005). Further, "In accordance with [Section 4-754.11(18)], any client who requests a fair hearing within 15 days of receipt of written notice of a suspension or termination of shelter or housing services provided within the Continuum of Care shall continue to receive shelter or housing services provided within the Continuum of Care pending a final decision from the fair hearing proceedings." D.C. Code § 4-754.41(d). All fair hearings were required to be conducted "in accordance with the requirements for the review of contested cases as provided in Chapter 5 of Title 2" and other statutes, as well as additional HSRA-specific rules. D.C. Code § 4-754.41(f)(1). *See also* D.C. Code § 4-754.11(a)(18) (establishing right to a fair hearing).

33.    Final regulations governing the program were issued in April 2016. D.C. Mun. Regs. tit. 29, § 7800, et seq. (2016) ("2016 FRSP Regulations"). They have been in effect continuously since that time, with two exceptions. In March 2024, DHS published its first set of "Emergency Regulations," purportedly effective for one hundred twenty (120) days, from March 1, 2024 until June 30, 2024. D.C. Mun. Regs. tit. 29, § 7800, et seq. (2024) ("2024 Emergency

10

Regulations #1").  On July 1, 2024, the 2024 Emergency Regulations #1 expired, and the 2016

FRSP Regulations were once again in effect.  On September 27, 2024, DHS promulgated a

second set of "Emergency Regulations," purportedly effective as of September 17, 2024, for one

hundred twenty (120) days.  D.C. Mun. Regs. tit. 29, § 7800, et seq. (2024) ("2024 Emergency

Regulations #2).

34.     The 2016 FRSP Regulations made clear that FRSP is "time-limited" only to the

extent a request for extension is not granted, and "the time period for receiving services" does

not "run" until all appropriate extensions have been granted and expired.  Indeed, the regulations

described 12 months' participation as a target and not a limit.  "Individualized plans or IRPs for

each family shall aim for a targeted progression towards exit from the supports provided in

twelve (12) months or less."  D.C. Mun. Regs. tit. 29, § 7805.8 (2016).  Further, "[i]n the event

that the Service Provider determines at the three (3), six (6), nine (9), or twelve (12) month

review that the participant will likely be unable to sustain housing stability independently of the

Program at the end of the FRSP assistance period, the provider is obligated to alert DHS and

make a recommendation for continued participation in the program or other alternatives for

stable housing."  *Id.*

35.     The 2016 FRSP regulations also expressly contemplated the possibility of

enrollment beyond even 18 months.  While noting that "length of participation is not an

entitlement," the regulations stated that "length of participation in the program beyond eighteen

(18) months may be a valid factor for denial of an extension."  *Id.* § 7805.10.  Finally, the 2016

regulations defined exiting the Program not by length of time, but rather as the time when a

participant is "no longer receiving financial assistance or supportive services through an FRSP

provider."  *Id.* § 7807.1.  The regulations contemplated three forms of exit, the last of which

expressly contemplated the possibility of extensions beyond 12 months:  "Participants may exit because they no longer require FRSP supports, by program termination, or because they reached the length of time for which their participation was approved (inclusive of applicable program extension)."  *Id*.  Further, section 7808 ("Cessation Housing Subsidy") provided: "Pursuant to § 7805.10, a participant may not receive FRSP assistance for more than twelve (12) months <u>unless the participant requests and receives additional FRSP assistance</u>."  *Id*. § 7808.1 (emphasis added).

36.    The 2016 FRSP Regulations further described a participant's rights upon receiving an NPE.  "An applicant or participating FRSP household shall have ninety (90) calendar days following the receipt of a written notice described in §§ 7803.6, 7807.5 to request a fair hearing, in accordance with the hearing provisions of Section 26 of the Act (D.C. Official Code § 4-754.41), for the action that is the subject of the written notice."  D.C. Mun. Regs. tit. 29, § 7809.1 (2016).  With respect to continuation of benefits, the regulations provided that "[i]n accordance with Section 9 of the Act (D.C. Official Code § 4-754.11(a)(18)), any recipient who requests a fair hearing within fifteen (15) days of receipt of written notice of a termination pursuant to § 7820 or program exit pursuant to § 7821 shall have the right to the continuation of FRSP services pending a final decision from the fair hearing proceedings."  *Id*. at 7809.3.

37.    The 2024 Emergency Regulations #1 provided the same rights on appeal as existed in the 2016 FRSP Regulations.  "An applicant or participating FRSP household shall have ninety (90) calendar days following the receipt of a written notice described in §§ 7803.8, 7812.15, 7820.3, or 7821.4 to request a fair hearing, in accordance with the hearing provisions of Section 26 of the Act (D.C. Official Code § 4-754.41), for the action that is the subject of the written notice."  D.C. Mun. Regs. tit. 29, § 7824.1.  With respect to continuation of benefits, the

regulations provided, similar to the 2016 FRSP Regulations, that "[i]n accordance with Section 9 of the Act (D.C. Official Code § 4-754.11(a)(18)), any recipient who requests a fair hearing within fifteen (15) days of receipt of written notice of a termination pursuant to § 7820 or program exit pursuant to § 7821 shall have the right to the continuation of FRSP services pending a final decision from the fair hearing proceedings." *Id*. § 7824.3.  Finally, the 2024 Emergency Regulations #1 explicitly provided for consideration of requests for extension "if funding is available within the FRSP budget for program extensions."  *Id*. § 7812.

38.    DHS's Program Rules also set forth standards and requirements for, among other things, eligibility criteria, case management, participants' responsibilities and rights, providers' rights to terminate services or exit participants, and participants' right to appeal.  With respect to limitation of time, the Program Rules grant participants the right to seek "[a]n extension of the FRSP rental subsidy of up to six (6) months," which "may be granted, upon request, in limited circumstances and depending on funding and availability." Ex. 2.

39.    The Program Rules are an important component of the FRSP not only because of the  procedural guarantees provided to FRSP participants regarding extensions and appeals, but also because of the guidelines for DHS-contracted providers, requiring the providers to provide program-related services in a manner that is prescribed by the HSRA and DHS to maximize the possibility of a participant's success in the Program.  The HSRA establishes the basic obligations of the DHS-contracted providers.  Chief among these are the obligations to "assist clients to prepare for living in permanent housing"; to "collaborate and coordinate with other service providers to meet the client's needs"; and "inform all clients of services for which they may be eligible."  These obligations are so important that the HSRA includes a separate provision permitting an FRSP participant to seek a fair hearing with OAH in order to "obtain any legally

available and practicable remedy for any alleged violation" of these provider standards.  D.C. Code § 4-754.41(b)(3).  Thus, when a provider attempts to exit an FRSP participant, analysis of whether the provider has provided the services expected and necessary to maximize the client's ability to succeed in the program goals becomes a critical part of determining whether an exit should occur.  If the client has not been properly and adequately served by the provider, then there is no basis for determining whether the client "cannot be recertified to continue receiving services," which was one of the three statutory conditions for exit prior to the 2024 Exit Rights Elimination Amendments.  D.C. Code § 4-754.36b(a)(1)(B) (2018).  Similarly, if the client has been enrolled in the Program for longer than the alleged time cap, but did not receive the services required during that time, then the client has effectively been denied the required services and the provider cannot show that client's "time period for receiving services has run."  D.C. Code § 4-754.36b(a)(1)(A) (2018).

40.    The Program Rules also explicitly provide guarantees regarding appeals.  The FRSP participant is promised that "[y]ou have the right to appeal any decision that adversely affects your receipt of services, when permitted by the HSRA."  Ex. 2 at 13.  Further, the participant is told that "[y]our appeal is called a Fair Hearing and is held at the District of Columbia's Office of Administrative Hearings (OAH)."  *Id.*  Finally, the participant is assured that "[y]ou have a right to continue to receive services without change while you wait for the final outcome of any Fair Hearing that is requested within 15 calendar days of the receipt of a written notice of a decision to terminate services in a non-emergency situation."  *Id.  See also id.* at 9.

**The 2024 Exit Rights Elimination Amendments and Related Regulations**

41.      The 2024 Exit Rights Elimination Amendments, first implemented by DHS through the 2024 Emergency Regulations #2 (effective September 17, 2024), drastically altered the due process protections previously prescribed in the HSRA and outlined in the Program Rules.

      a.   <u>First</u>, the Amendments eliminated two of the three conditions necessary before an FRSP participant could be exited from a "housing program [that] is provided on a time-limited basis."  The sole condition now required to exit an FRSP participant from such a program is that "the client's time period for receiving services has run out."  D.C. Act 25-506, § 5062(c)(1).  For example, the previously existing condition of exit – that the Mayor determines the FRSP participant "cannot be recertified to continue receiving services" – has been eliminated, notwithstanding the fact that DHS has explicitly recognized that one way an FRSP participant "may qualify for recertification" is "if they receive an extension of FRSP assistance."

      b.   <u>Second</u>, the Amendments eliminated the right to a fair hearing at OAH for "a decision to exit a client from a Rapid Re-Housing program *because the client's time period for receiving services has run out due to a statutory or regulatory time limit on the duration of services provided by the Rapid Re-Housing program*."  D.C. Act 25-506, § 5062(d)(1)(B) (emphasis added).  They further eliminated the right to a fair hearing at OAH of any "administrative review decision regarding the validity of a decision to exit a client from a Rapid Re-Housing program *because the client's time period for receiving services has run*

15

*out due to a statutory or regulatory time limit on the duration of services provided by the Rapid Re-Housing program.* *Id*. § 5062(d)(1)(A) (emphasis added).

c. <u>Third</u>, the Amendments eliminated an FRSP participant's right to "benefits continuing" until a final decision in the OAH proceeding for "a program exit from a Rapid Re-Housing program *if the program exit is due to the client reaching a statutory or regulatory time limit on the duration of services provided by the Rapid Re-Housing program.*" D.C. Act 25-506, § 5062(c)(2) (emphasis added).

42.     In place of the prior statutory due process protections for program-exited FRSP participants, the Amendments provide only a single opportunity for an "administrative review" pursuant to D.C. Code § 4-754.41(e) ("Upon receipt of a fair hearing request, the Mayor or the Mayor's designee shall offer the client or client representative an opportunity for an administrative review by the Department of the decision that is the subject of the fair hearing request."). The process for the "administrative review," however, is now severely limited. "The administrative review *may be conducted on the papers and without an in-person review* if the purpose of the administrative review is to ascertain the validity of a decision to exit a client from a Rapid Re-Housing program *because the client's time period for receiving services has run out due to a statutory or regulatory time limit on the duration of services provided by the Rapid Re-Housing program.*" D.C. Act 25-506, § 5062(e)(3) (emphasis added).

43.     The 2024 Emergency Regulations #2, purportedly effective September 17, 2024, eliminated the regulatory appeal rights set forth in both the 2016 Regulations and the 2024 Emergency Regulations #1. The new regulations provide that "[a]n FRSP applicant or participant shall have ninety (90) calendar days following the receipt of a written notice described in §§ 7803.8, 7812.15, 7820.3, or 7821.4 to appeal for the action that is the subject of

the written notice.  The appeal shall be conducted in accordance with the fair hearing and administrative review provisions of Sections 26 and 27 of the Act (D.C. Official Code §§ 4-754.41 and 4-754.42).”  D.C. Mun. Regs. tit. 29, § 7824.1.  The “appeal,” however, is limited to “an opportunity for an administrative review in accordance with Section 27 of the Act (D.C. Official Code § 4-754.42).”  *Id*. § 7824.2.  The new regulations explicitly provide that an NPE “may not be reviewed at a fair hearing.  The administrative review decision by the Department shall be final in such cases.”  *Id*. § 7824.3.  The nature of the administrative review hearing can be limited to an “on the papers” review without the opportunity to call or confront witnesses, present evidence or otherwise contest the validity of the NPE.  “In accordance with Section 27 of the Act (D.C. Official Code § 4-754.42(d)(3)), the Department may conduct an administrative review on the papers and without an in-person hearing if the purpose of the administrative review is to ascertain the validity of a decision to exit the participant because the participant reached the end of their FRSP assistance period.”  *Id.* § 7824.4.  A participant’s right to continuation of services is limited to “continuation of FRSP services pending the administrative review decision.”  *Id*. § 7824.5.  Finally, the 2024 Emergency Regulations #2 explicitly provide for consideration of requests for extension “if funding is available within the FRSP budget for program extensions.”  *Id*. at § 7812.

44.    DHS has not revised or repealed the Program Rules, including the provisions relating to FRSP participants’ right to an appeal.

45.    DHS’s roll-out of NPEs in October 2024, presumably pursuant to the 2024 Emergency Regulations #2, has been vague and confusing.  First, the standard form NPE fails to advise the family being exited that it has a right to seek an extension in the FRSP.  *See, e.g.,* Ex. 1.  Instead, it affirmatively declares that “Program Extension Requests Shall Not Be

Considered", thus advising families that it would be futile to make any such request. It then confusingly references DHS's decision for Fiscal Year 2024 (which ended September 30, 2024) that no funding was available for such requests. Second, with respect to appeal rights, the standard form NPE states that "An appeal of a program exit based on reaching the FRSP time limit will be resolved solely by a DHS Administrative Review." But it fails to provide any information to the FRSP participant regarding the subject matter of the appeal, the issues to be addressed, or how the appeal will be conducted, other than to advise the participant that "you have the right to be represented by a lawyer (see below), relative, or any other person who is not an employee of the D.C. Government, and to bring witnesses or evidence that helps your case." *Id.*

### DHS's "No Funding Available" Announcements and Related Facts

46.    Fiscal Year 2025 commenced on October 1, 2025. DHS received over $60 million in funding for the FRSP for FY 2025. On October 11, 2024, a mere ten calendar days after FY 2025 commenced, DHS "announce[d] the exhaustion of funding for extensions of Family Re-Housing and Stabilization Program (FRSP) assistance beyond the standard program period of twelve (12) months for Fiscal Year 2025" and that "requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for Fiscal Year (FY) 2025" (the "FY 2025 No Funding Announcement"). Ex. 3. At the same time, DHS has made clear that it will continue to admit new families into the Program on a regular basis.

47.    DHS's arbitrary and capricious decision on October 11, 2024 that it would not spend any FRSP funds on program extensions for FY 2025 was preceded by a similar decision for FY 2024. In particular, on April 5, 2024, halfway through FY 2024, DHS announced that it

had exhausted "funding for extensions" and that "requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year (FY) 2024" (the "FY 2024 No Funding Announcement").  Ex. 4.  At the same time that it was refusing to consider individual extension requests for the 816 participants who received NPEs, DHS, upon information and belief, continued to enroll new participants in the FRSP, either withdrew NPEs or did not issue NPEs to certain FRSP participants who had been in the FRSP for longer than 12 months, and agreed to provide financial incentives to FRSP participants for things like increasing income and matching with permanent vouchers.  *See* 2024 Emergency Regulations #1, § 7811.  There is no reason to believe that DHS's inconsistent, arbitrary and capricious funding decisions have not continued into FY 2025.

48.    There is no statutory directive as to how FRSP funds should be allocated.

## CLASS ACTION DEFINITION AND ALLEGATIONS

49.    This action for declaratory and injunctive relief is brought by Plaintiffs as a class action in accordance with the provisions of Rules 23(a) and 23(b)(2) of the Superior Court Civil Procedure Rules, on their own behalf, on behalf of their minor children and spouse, if applicable, and on behalf of the following class of all other similarly situated individuals:

> All FRSP participants and their families as of July 1, 2024 who received an NPE on or after October 1, 2024, asserting that they had reached an alleged time limit for participation in the FRSP.

50.    The membership of the class is so numerous that joinder of all members is impractical.  In mid-October 2024, DHS stated that it intended to issue more than 900 NPEs beginning in October 2024 to families who have participated in the FRSP for more than twelve (12) months.

51.    There are questions of law and fact in the action common to the class, including: (a) whether the 2024 Exit Right Elimination Amendments may be constitutionally applied to the putative class members; (b) whether the 2024 Exit Right Elimination Amendments may be retroactively applied to the putative class members in the absence of any statutory indication of retroactive application; (c) whether the 2024 Exit Right Elimination Amendments may be applied to the putative class members despite guarantees by DHS and its providers in the Program Rules to the contrary; (d) whether the FY 2025 No Funding Announcement was arbitrary and capricious in violation of the D.C. Administrative Procedure Act; and (e) whether DHS's ongoing refusal to consider FRSP participant extension requests on the ground that "no funding is available" for consideration of such requests is arbitrary and capricious in violation of the D.C. Administrative Procedure Act.

52.    The claims of the Named Plaintiffs, who are representatives of the class herein, are typical of the claims of the class in that all members of the class, including Named Plaintiffs, have been in the FRSP for twelve (12) months or longer, received NPEs for reaching an alleged time limit in the FRSP, and were denied the right to appeal their exit notices in accordance with the procedures set forth in both the Program Rules and the HSRA prior to the 2024 Exit Right Elimination Amendments.

53.    The Named Plaintiffs are representative parties for the class and are able to, and will, fairly and adequately protect the interests of the class.  The Named Plaintiffs are not subject to any unique defenses with respect to the claims raised in this action, and there is no conflict as between any individual Named Plaintiff and other members of the class with respect to this action or with respect to the claims for relief.  Named Plaintiffs intend to prosecute this action vigorously in order to secure remedies for the entire class.

54.     The requirements of Superior Court Rule 23(b)(2) are met in that the Defendants have at all times acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55.     The attorneys for Plaintiffs are experienced and capable in litigation in both class actions and housing and homeless services law and have successfully represented claimants in other litigation of this nature.

### PLAINTIFFS' CLAIMS FOR RELIEF

### COUNT ONE

**VIOLATION OF DUE PROCESS BY
RETROACTIVE APPLICATION OF THE
2024 EXIT RIGHTS ELIMINATION AMENDMENTS
AND THE 2024 FRSP EMERGENCY REGULATIONS #2**

56.     Paragraphs 1 through 55 of this Complaint are incorporated as if fully set forth herein.

57.     The Due Process Clause of the Fifth Amendment to the United States Constitution, fully applicable to the District of Columbia, provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law."  Social welfare benefits have long been afforded constitutional protection as a property interest protected by the Due Process Clause.  U.S. Const. amend. V.

58.     A property interest that is afforded Due Process protection under the Fifth Amendment arises where a government program participant has a legitimate claim of entitlement to the benefit grounded in the statute, regulations and other documents defining eligibility for them.

59.    In this case, the Plaintiffs had and have a legitimate expectation that her/his participation in the FRSP will be governed by the statutory, regulatory and Program Rules in effect when they entered the Program and in force continuously until the 2024 Exit Rights Elimination Amendments, implemented by DHS by the 2024 Emergency Regulations #2 (purportedly effective September 17, 2024).  Their expectations were expressly formed and defined when they entered the FRSP, by the provisions of the HSRA, the 2016 Regulations, and the Program Rules.  Without limiting the foregoing, at the time they entered the Program, the Plaintiffs legitimately expected that:

a.  They would not be exited from the Program unless three statutory conditions were satisfied:  "(A) The housing program is provided on a time-limited basis, and the client's time period for receiving services has run; (B) The Mayor determines that the client cannot be recertified to continue receiving services; and (C) The client was assigned to the provider for substantially all of the client's time in the housing program."  D.C. Code § 4-754.36b(a)(1)(A-C) (2018).

b.  Upon receipt of an NPE, they would be entitled to appeal the NPE pursuant to the HSRA's fair hearing requirements in effect prior to July 10, 2024, the 2016 FRSP Regulations, and the Program Rules they were required to follow, and they would be able to challenge the NPE on the ground that it did not satisfy all three of the statutory conditions for exit noted in the preceding paragraph.

c.  Upon receipt of an NPE, they would be entitled to receive benefits pending a final decision in the fair hearing before OAH, if they appealed within fifteen (15) days of receipt of the NPE.

d.  They would be able to seek an extension and have that extension request considered based on a good faith consideration and application of specific factors intended to facilitate and achieve the fundamental purpose of the FRSP, namely, achievement of housing stability.

e.  They would not be precluded from such consideration of their extension request based on an arbitrary and capricious decision by DHS that it would no longer use for extension requests the millions of dollars appropriated by the D.C. Council for the Program generally.

60.   The 2024 Exit Rights Elimination Amendments and the 2024 Emergency Regulations #2, if applied to the Plaintiffs, violate Plaintiffs' well-founded expectations in the conditions and manner in which the Program benefits they receive will either continue or be terminated.

61.   Upon entering the Program, and thereafter participating on a continuous basis, the Plaintiffs are entitled to be exited only based upon the statutory, regulatory and Program Rules applicable to them during that time.  They reasonably relied upon those statutes, regulations and rules, and they legitimately expected that the conditions set forth therein would be enforced if and when DHS or its contracted providers sought to exit them from the Program.  Their expectations were based upon the then-existing statutory provisions, the then-existing regulatory provisions, the Program Rules that they were required to follow, and all other written and oral communications consistent with the foregoing that they received with respect to their rights when subjected to an attempt to exit them from the Program.

62.   The 2024 Exit Rights Elimination Amendments, if applied retroactively to the Plaintiffs, violate the Due Process Clause of the United States Constitution.

## COUNT TWO

### THE 2024 EXIT RIGHTS ELIMINATION AMENDMENTS AND THE 2024 FRSP REGULATIONS #2 MAY NOT BE APPLIED RETROACTIVELY TO PLAINTIFFS

63.     Paragraphs 1 through 55 of this Complaint are incorporated as if fully set forth herein.

64.     The 2024 Exit Rights Elimination Amendments do not state that they are to be applied retroactively to participants in the FRSP at the time of enactment, to control the conditions required as a precondition to Program exit, or the due process procedures available to challenge a Program exit, that formed the cornerstone of the Plaintiffs' rights to be exited only in accordance with those conditions and procedures.  The provisions of the 2024 Emergency Regulations #2 regarding Program exits and appeal rights are based entirely on the authority of the 2024 Exit Rights Elimination Amendments.

65.     Whether or not intended to be applicable to FRSP participants in the Program at the time of the Amendments, fundamental fairness precludes retroactive application of the 2024 Exit Rights Elimination Amendments and the 2024 Emergency Regulations #2 to the Plaintiffs.

## COUNT THREE

### VIOLATION OF DUE PROCESS BY DHS'S FAILURE TO PROVIDE ADEQUATE NOTICE AND CLEAR, MEANINGFUL PROCEDURAL PROTECTIONS PRIOR TO LOSS OF BENEFITS

66.     Paragraphs 1 through 55 of this Complaint are incorporated as if fully set forth herein.

67.     The Due Process Clause, fully applicable to the District of Columbia, provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law." Due Process requires at a minimum that a recipient of social welfare benefits have timely and

adequate notice detailing the reasons for a proposed termination of benefits and an effective opportunity to defend by presenting his own arguments and evidence orally.

68.    Termination of stable housing benefits is a highly significant and impactful act that demands the highest form of procedural protection before it may be imposed.  DHS's implementation of the 2024 Exit Rights Elimination Amendments and the 2024 Emergency Regulations #2, even if they may be applied retroactively to Plaintiffs, do not provide adequate notice and procedural protections commensurate with the deprivation of the benefits.

    a.    The administrative review is not conducted by an independent, disinterested, and fair-minded decisionmaker.

    b.    DHS's standard form NPEs fail to adequately inform the FRSP participant of the issues presented or standards applicable to the FRSP participant's appeal.  For example, the standard form NPEs fail to explain whether the FRSP participant is entitled to challenge (i) the validity of the NPE, including the adequacy of the delivery and notice to the FRSP participant, (ii) the provider's failure to comply with the provider requirements set forth in the HSRA (D.C. Code § 4-754.21), or (iii) the failure of DHS and their provider to comply with DHS's promulgated Program Rules.

    c.    DHS's standard form NPEs fail to adequately inform the FRSP participant of the procedures that will be used at the administrative review, including but not limited to procedures for the admission of evidence and burden of proof.  In particular, there is no description of how an "on the papers" review will occur, including but not limited to how the participant can submit evidence of length of time, whether the participant actually received statutorily required services during

the relevant period, how or whether the participant can refute the evidence

submitted by the provider, or how such a review would adequately consider

relevant defenses or requests such as reasonable accommodations or extension

requests.

d.    DHS's standard form NPEs fail to advise the FRSP participant of their right to

seek an extension of time for participation in the Program, consistent with the

FRSP Protection Act.

69.    Without these significant safeguards, the procedures for the process of program

exit as implemented by DHS violate the Due Process Clause.

## COUNT FOUR

## VIOLATION OF D.C. ADMINISTRATIVE PROCEDURE ACT

70.    Paragraphs 1 through 55 of this Complaint are incorporated as if fully set forth

herein.

71.    The D.C. Administrative Procedure Act provides that a court reviewing agency

action may hold unlawful and set aside agency action or findings and conclusions found to be

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  D.C.

Code § 2–510(a)(3).

72.    On October 11, 2024, a mere ten calendar days after FY 2025 commenced, and

despite the fact that it had received over $60 million in funding for the FRSP for FY 2025, DHS

"announce[d] the exhaustion of funding for extensions of Family Re-Housing and Stabilization

Program (FRSP) assistance beyond the standard program period of twelve (12) months for Fiscal

Year 2025" and that "requests for FRSP assistance extending beyond the standard program

period of twelve (12) months shall not be considered for Fiscal Year (FY) 2025".  Ex. 3.

73.    DHS's October 11, 2024 decision follows a pattern of arbitrary and capricious conduct regarding funding availability for FRSP participant extensions.  For example, on April 5, 2024, halfway through FY 2024, DHS announced that it had exhausted "funding for extensions" and that "requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year (FY) 2024".  Ex. 4.  At the same time that it was refusing to consider individual extension requests for the 816 participants who received NPEs, DHS, upon information and belief, continued to enroll new participants in the FRSP, either withdrew NPEs or did not issue NPEs to certain FRSP participants who had been in the FRSP for longer than 12 months, and agreed to provide financial incentives to FRSP participants for things like increasing income and matching with permanent vouchers.  *See* 2024 Emergency Regulations #1, § 7811.  There is no reason to believe that DHS's inconsistent, arbitrary and capricious funding decisions have not continued into FY 2025.

74.    DHS made both of these policy decisions in April 2024 and October 2024 – refusal to spend available funds on FRSP-contemplated extensions of subsidies – where such decision is neither mandated by law nor consistent with the purposes and goals of the FRSP.

75.    DHS's FY 2025 No Funding Announcement, and its ongoing refusal to consider extension requests by FRSP participants, constitute arbitrary and capricious actions, findings and conclusions, and are unlawful.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the court:

1.    Enter a preliminary order (a) CERTIFYING a class consisting of all families who were participating in the FRSP as of July 1, 2024 and thereafter received an NPE after October 1, 2024, asserting that they had reached an alleged time limit for participation in the FRSP, and (b)

REINSTATING during the pendency of this action any members of the putative class who have already been exited from the FRSP, including paying rental assistance since the date of exit from the program;

2.      DECLARE that the 2024 Exit Rights Elimination Amendments and the 2024 Emergency Regulations #2 may not be applied to Plaintiffs and ENJOIN Defendants from doing so;

3.      DECLARE that all NPEs issued to Plaintiffs after October 1, 2024, on the basis that the family had reached an alleged time limit for participation in the FRSP, are legally defective and without force and effect;

4.      DECLARE that the 2025 No Funding Announcement and DHS's refusal to consider extension requests by Plaintiffs is arbitrary and capricious under the D.C. Administrative Procedure Act, and ENJOIN DHS from acting or refusing to act on the basis of the illegal findings in the 2025 No Funding Announcement;

5.      ORDER DHS to provide each Plaintiff with the opportunity to request an extension of participation in the FRSP in accordance with the standards set forth in the HSRA prior to the 2024 Exit Rights Elimination Amendments, the 2016 FRSP Regulations, and the Program Rules applicable to them, and thereafter to assess each request individually as the HSRA requires;

6.      REFRAIN from issuing any new NPEs to Plaintiffs who request an extension until they have been individually assessed and final non-appealable determinations have been made on their requests for extensions; and

7.    PROVIDE such additional relief, on an interim basis or otherwise, as may be appropriate to protect the rights of Plaintiffs to participate in the FRSP in a manner consistent with its statutory purposes and goals.

Dated:  December 19, 2024

Respectfully Submitted,

_____/s/_____

STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

James E. Rocap, III (DC Bar # 912840)
202.429.8152
jrocap@steptoe.com
Laura Niday (DC Bar # 90028820)
202.429.3049
lniday@steptoe.com
Kylie Clouse (DC Bar # 90028065)
202.429.1344
kclouse@steptoe.com


_____/s/_____

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004

Michelle D. Coleman (DC Bar #1616886)
202.654.6708
mcoleman@crowell.com
George D. Ruttinger (DC Bar # 214445)
202.624.2670
gruttinger@crowell.com
John Nakoneczny (DC Bar # 1618872)
202.624.2814
jnakoncezny@crowell.com
Eric Herendeen (DC Bar # 187477)
202.624.2660
eherendeen@crowell.com

Edward ("Ted") North (DC Bar # 1779663)
202.624.2756
TNorth@crowell.com
Tim Laderach (DC Bar # 90024022)
202.624.2692
TLaderach@crowell.com


　　　　　/s/
_____
COMBS & TAYLOR LLP
2101 L Street, NW Ste. 300
Washington, D.C. 20037

Kristen Reilly (DC Bar # 975730)
202.448.1008
kristen.reilly@combstaylor.com


　　　　　/s/
_____
WASHINGTON LEGAL CLINIC
FOR THE HOMELESS
1200 U Street, NW
Washington, D.C. 20009

Amber W. Harding (DC Bar # 484130)
202.328.5503
amber@legalclinic.org
Brittany K. Ruffin (DC Bar #997038)
202.328.5506
brittany.ruffin@legalclinic.org
Charisse Lue (DC Bar # 1531842)
202.328.1025
charisse.lue@legalclinic.org


　　　　　/s/
_____
CHILDREN'S LAW CENTER
501 3rd Street, NW #800
Washington, D.C. 20001

Katherine Zeisel (DC Bar # 979552)
202.467.4900 ext. 547
KZeisel@ChildrensLawCenter.org

# EXHIBIT 1
# TO COMPLAINT

# Seward, et al. v. District of Columbia, et al.



**Government of the District of Columbia**
**Department of Human Services**
**Family Services Administration**

Family Re-Housing and Stabilization Program (FRSP)

# Notice of Program Exit

Zion Seward                                    10/24/2024
_____        _____
Head of Household Name                          Date Notice Issued

ECS 5009 East Capitol St. SE Washington DC 20019
_____
FRSP Provider Agency and Address

Please be advised that your program exit from the District of Columbia (D.C.) Department of Human Services (DHS) Family Services Administration (FSA) Family Re-Housing and Stabilization Program (FRSP) shall be effective on 11/30/2024 _____ (MM/DD/YY). (The program exit effective date must be at least 30 days after the FRSP participant receives written and oral notice.)

- You will not receive FRSP case management or other supportive services after 11/30/2024, the effective date of your program exit.

- Your last FRSP rental assistance subsidy payment will be in the amount of $ 2516 _____ for the month of November 2024 _____ (MM/YY).

This action is being taken pursuant to Chapter 78 of Title 29 (Public Welfare) of the D.C. Municipal Regulations, entitled Family Re-Housing and Stabilization Program, for the following reason(s):

[✔] <u>Time Limit</u>:  You have reached the twelve (12) month limit for receiving FRSP assistance on 11/30/2024 _____ (MM/DD/YY). (D.C. Official Code § 4-754.36b(a)(1); 29 DCMR § 7821.1).

[ ] <u>Re-Determination of Eligibility</u>:  DHS has determined that you are no longer eligible to receive FRSP assistance.  (D.C. Official Code § 4-754.36b(a)(2); 29 DCMR § 7821.1)

Specifically, the factual basis for this action (including dates) is

Zion Seward entered Echelon Community Services (ECS) FRSP on 3/20/2023. Zion Seward received FRSP assistance for 12 or more months. The District of Columbia (District) Department of Human Services (DHS) Family Services Administration (FSA), pursuant to 29 DCMR § 7812.2, announces the exhaustion of funding for extensions of FRSP assistance beyond the standard program period of twelve (12) months for the remainder of Fiscal Year 2025.

_____
(If you need additional space, please attach a separate sheet.)
**Program Extension Requests Shall Not Be Considered Due to Funding Constraints**

Pursuant to 29 DCMR § 7812.2, DHS published a Notice of Exhaustion of Funding for Extensions of FRSP assistance in the *District of Columbia Register* on April 5, 2023. Accordingly, requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year 2024

---

**DO NOT MODIFY THIS NOTICE**
Developed in accordance with the Homeless Services Reform Act of 2005, as amended (9/17/2024)
Page 1 of 3

## You Have the Right to Appeal This Program Exit

If you disagree with this decision, you have the right to appeal it for ninety (90) calendar days following the receipt of this Notice. The appeal processes for each type of program exit (time limit or re-determination of eligibility) are described on the next page.

You have a right to continuation of FRSP assistance pending the outcome of your appeal so long as it is requested within fifteen (15) calendar days after receipt of this Notice. This program exit and your appeal rights will be explained to you by the staff person listed below.

**A copy of this Notice of Program Exit was provided to the client by:**

☐ Hand Delivery

☐ First Class Mail to _____

Date _____

☑ Electronic Means to zionseward123@gmail.com
_____
(Email address or telephone number)

Date 10/24/2024
_____

Jenny Shin  Deputy Director
_____        10/24/2024
                                                         _____
Provider's Program Director or Supervisor Signature and Title          Date


**By signing this, I am admitting only that I received a copy of this Notice.**


Zion Seward  Zion Seward
_____        10/24/2024
                                                         _____
Client Signature                                              Date


_____        _____
Witness Name (printed) and Signature (if client refused or is unable to sign)          Date

### Your Right to Appeal Your Program Exit

You can appeal if you disagree with either type of FRSP program exit: (1) reaching the FRSP time limit or (2) re-determination of eligibility.  An appeal of a program exit based on reaching the FRSP time limit will be resolved solely by a DHS Administrative Review. An appeal of a program exit based on re-determination of eligibility may be resolved by a DHS Administrative Review or by a Fair Hearing conducted by the D.C. Office of Administrative Hearings (OAH). For a re-determination of eligibility appeal, the DHS Administrative Review would take place before the OAH Fair Hearing.  The Administrative Review is conducted by DHS and is less formal than a Fair Hearing.  If your program exit from FRSP is due to reaching the FRSP time limit, the Administrative Review will be the **final decision**.

Your program exit from FRSP has no impact on your rights as a tenant under your lease agreement with your landlord.

#### To appeal the Notice of Program Exit on either basis, you need to:

- Tell your case manager or other staff member at your provider agency that you want to appeal an FRSP Notice of Program Exit; **OR**

- Call the DHS Family Services Administration (FSA), at (202) 698-4170, *or* send in your request in writing by U.S. mail to the D.C. Department of Human Services (DHS), Family Services Administration (FSA), Family Rapid Re-Housing and Stabilization Program (FRSP), 64 New York Avenue, N.E., Washington, D.C.  20002, *or* send an email message to rapidrehousing@dc.gov with the subject line, "Appeal FRSP Notice of Program Exit", **OR**

- If your Program Exit is based on a re-determination of eligibility, then you may do any of the above or call the D.C. Office of Administrative Hearings (OAH), at (202) 442-9094, *or* send in your request in writing by U.S. mail to the D.C. Office of Administrative Hearings, 441 4th Street, N.W., Suite 450 North, Washington, D.C. 20001, *or* send an email message to oah.filing@dc.gov with the subject line, "Appeal FRSP Notice of Program Exit".

#### To Receive an Administrative Review:

- Once you submit your appeal on either basis, you will automatically be offered an opportunity for an Administrative Review by DHS.  A notice will be sent to you by mail or e-mail notifying you of the time, date, and place for the Administrative Review.

- If you do not appear at the Administrative Review, DHS will enter a default decision against you.  For program exits based on the FRSP time limit, this will be the final decision on your appeal.

- If your program exit is due to re-determination of eligibility, you will receive a Fair Hearing even if you did not appear at the Administrative Review. OAH will send you a notice telling you the time, date, and place for the Fair Hearing.

#### At Your Fair Hearing or Administrative Review:

- You have the right to be represented by a lawyer (see below), relative, or any other person who is not an employee of the D.C. Government, and to bring witnesses or evidence that helps your case.

#### Free legal assistance may be available from:

- Legal Aid Society of the District of Columbia at (202) 628-1161
- The Washington Legal Clinic for the Homeless at (202) 328-5500
- Bread for the City at (202) 265-2400 or (202) 561-8587

**Government of the District of Columbia**
**Department of Human Services**
**Family Services Administration**

**Family Re-Housing and Stabilization Program (FRSP)**

# Notice of Program Exit

Tyia Black
_____
Head of Household Name

11/12/2024
_____
Date Notice Issued

Veterans on the Rise 5002 Sheriff Rd NE WDC 20019
_____
FRSP Provider Agency and Address

Please be advised that your program exit from the District of Columbia (D.C.) Department of Human Services (DHS) F amily Services Administration (FSA) Family Re-Housing and Stabilization Program (FRSP) shall be effective on 12/31/2024_____ (MM/DD/YY). (The program exit effective date must be at least 30 days after the FRSP participant receives written and oral notice.)

- You will not receive FRSP case management or other supportive services after 12/31/2024, the effective date of your program exit.

- Your last FRSP rental assistance subsidy payment will be in the amount of $1550.00_____ for the month of December 2024_____ (MM/YY).

This action is being taken pursuant to Chapter 78 of Title 29 (Public Welfare) of the D.C. Municipal Regulations, entitled Family Re-Housing and Stabilization Program, for the following reason(s):

☑ <u>Time Limit</u>: You have reached the twelve (12) month limit for receiving FRSP assistance on 12/31/2024_____ (MM/DD/YY). (D.C. Official Code § 4-754.36b(a)(1); 29 DCMR § 7821.1).

☐ <u>Re-Determination of Eligibility</u>: DHS has determined that you are no longer eligible to receive FRSP assistance. (D.C. Official Code § 4-754.36b(a)(2); 29 DCMR § 7821.1)

Specifically, the factual basis for this action (including dates) is

Veterans on the Rise's client, Tyia Black began receiving subsidy assistance on 4/6/2023 and case management services on 4/4/2023. Therefore, at the date of this notice, the client has been in the program 19 months, exceeding the time limit of the program. The client is unable to request an extension or be recertified at this time due to a lack of funding. The client has been a client of Veterans on the Rise for substantially all their time in the FRSP program. Therefore, the effective program exit date when both subsidy and case management will end is on 12/31/2024.

_____
(If you need additional space, please attach a separate sheet.)
**Program Extension Requests Shall Not Be Considered Due to Funding Constraints**

Pursuant to 29 DCMR § 7812.2, DHS published a Notice of Exhaustion of Funding for Extensions of FRSP assistance in the *District of Columbia Register* on October 11, 2024. Accordingly, requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year 2025.

## You Have the Right to Appeal This Program Exit

If you disagree with this decision, you have the right to appeal it for ninety (90) calendar days following the receipt of this Notice. The appeal processes for each type of program exit (time limit or re-determination of eligibility) are described on the next page.

You have a right to continuation of FRSP assistance pending the outcome of your appeal so long as it is requested within fifteen (15) calendar days after receipt of this Notice. This program exit and your appeal rights will be explained to you by the staff person listed below.

### A copy of this Notice of Program Exit was provided to the client by:

☐  Hand Delivery

☑  First Class Mail to  137 35th St NE # 3 Washington, DC 20019
_____

Date  11/13/2024
_____

☑  Electronic Means to  tyiablack2@gmail.com
_____
(Email address or telephone number)

Date  11/12/2024
_____

Stephanie Swinson  Program Specialist                                    11/12/2024
_____        _____
Provider's Program Director or Supervisor Signature and Title                  Date

### By signing this, I am admitting only that I received a copy of this Notice.

_____        _____
Client Signature                                                              Date

_____        _____
Witness Name (printed) and Signature (if client refused or is unable to sign)        Date

**<u>Your Right to Appeal Your Program Exit</u>**

You can appeal if you disagree with either type of FRSP program exit: (1) reaching the FRSP time limit or (2) re-determination of eligibility. An appeal of a program exit based on reaching the FRSP time limit will be resolved solely by a DHS Administrative Review. An appeal of a program exit based on re-determination of eligibility may be resolved by a DHS Administrative Review or by a Fair Hearing conducted by the D.C. Office of Administrative Hearings (OAH). For a re-determination of eligibility appeal, the DHS Administrative Review would take place before the OAH Fair Hearing. The Administrative Review is conducted by DHS and is less formal than a Fair Hearing. If your program exit from FRSP is due to reaching the FRSP time limit, the Administrative Review will be the **<u>final decision</u>**.

<u>Your program exit from FRSP has no impact on your rights as a tenant under your lease agreement with your landlord.</u>

**<u>To appeal the Notice of Program Exit on either basis, you need to:</u>**

- Tell your case manager or other staff member at your provider agency that you want to appeal an FRSP Notice of Program Exit; **OR**

- Call the DHS Family Services Administration (FSA), at (202) 698-4170, *or* send in your request in writing by U.S. mail to the D.C. Department of Human Services (DHS), Family Services Administration (FSA), Family Rapid Re-Housing and Stabilization Program (FRSP), 64 New York Avenue, N.E., Washington, D.C. 20002, *or* send an email message to <u>rapidrehousing@dc.gov</u> with the subject line, "Appeal FRSP Notice of Program Exit", **OR**

- If your Program Exit is based on a re-determination of eligibility, then you may do any of the above or call the D.C. Office of Administrative Hearings (OAH), at (202) 442-9094, *or* send in your request in writing by U.S. mail to the D.C. Office of Administrative Hearings, 441 4th Street, N.W., Suite 450 North, Washington, D.C. 20001, *or* send an email message to <u>oah.filing@dc.gov</u> with the subject line, "Appeal FRSP Notice of Program Exit".

**<u>To Receive an Administrative Review:</u>**

- Once you submit your appeal on either basis, you will automatically be offered an opportunity for an Administrative Review by DHS. A notice will be sent to you by mail or e-mail notifying you of the time, date, and place for the Administrative Review.

- If you do not appear at the Administrative Review, DHS will enter a default decision against you. For program exits based on the FRSP time limit, this will be the final decision on your appeal.

- If your program exit is due to re-determination of eligibility, you will receive a Fair Hearing even if you did not appear at the Administrative Review. OAH will send you a notice telling you the time, date, and place for the Fair Hearing.

**<u>At Your Fair Hearing or Administrative Review:</u>**

- You have the right to be represented by a lawyer (see below), relative, or any other person who is not an employee of the D.C. Government, and to bring witnesses or evidence that helps your case.

**<u>Free legal assistance may be available from:</u>**

- Legal Aid Society of the District of Columbia at (202) 628-1161
- The Washington Legal Clinic for the Homeless at (202) 328-5500
- Bread for the City at (202) 265-2400 or (202) 561-8587

# EXHIBIT 2
# TO COMPLAINT

# Seward, et al. v. District of Columbia, et al.



**DEPARTMENT** *of* **HUMAN SERVICES**

**Family Re-Housing and Stabilization Program**

**DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY**

Effective May 2021

D.C. Department of Human Services

Approved by: _Noah Abraham_ _____

Noah Abraham, Deputy Administrator for Families, DHS/FSA Administration

Approval date: May 20, 2021 _____

**Program Rules for the**
**Family Re-Housing and Stabilization Program (FRSP)**
**A "Rapid Re-Housing" Program governed by the Homeless Services Reform Act of 2005, as amended**
**(HSRA)**

**Table of Contents**

| | | |
|---|---|---|
| A. | Eligibility Criteria | 1 |
| B. | Unit Requirements | 1 |
| C. | Lease Requirements | 2 |
| D. | Case Management | 2 |
| E. | FRSP Rental Subsidy & Participant's Costs | 5 |
| F. | FRSP Participant's Responsibilities | 6 |
| G. | FRSP Participant's Rights | 7 |
| H. | FRSP's Rights to Sanction, Transfer or Terminate Services | 10 |
| I. | FRSP's Right to Exit You | 11 |
| J. | Right to Appeal | 12 |
| K. | Behavior Requirements | 13 |
| L. | Pets | 14 |
| M. | Alternative Sanctions | 14 |
| N. | Grievance Policy & Procedures | 15 |
| O. | Signed Acknowledgement #1 | 17 |
| P. | Signed Acknowledgement #2 | 17 |
| Q. | Appendix | 18 |

A.     **ELIGIBILITY CRITERIA**

1.   An applicant unit shall be eligible to receive Family Re-Housing and Stabilization Program (FRSP) assistance if the applicant unit is a family, as defined in 29 DCMR § 7899, that:

   a)  Is currently experiencing homelessness as defined by Section 2 of the Homeless Services Reform Act of 2005 (HSRA) (D.C. Law 16-35, D.C. Official Code § 4-751.01(18), effective October 22, 2005), as amended, or is at risk of homelessness; and
   b)  Is a resident of the District of Columbia as defined by Section 2 of the Homeless Services Reform Act of 2005 (HSRA) (D.C. Law 16-35, D.C. Official Code § 4-751.01(32), effective October 22, 2005), as amended.

2.   Relevant factors for determining whether a household is appropriate for FRSP assistance include, but are not limited to:
   a)  Current income;
   b)  Expected future income;
   c)  Rental history;
   d)  Employment history;
   e)  Employment potential based on job skills, certifications, or participation in a training or employment program;
   f)  Previous receipt of emergency rental assistance, including Emergency Rental Assistance Program (ERAP), or other homeless services within the last eighteen (18) months, whether applying for the same or different financial assistance;
   g)  Assessment on a uniform tool as selected by the Department of Human Services (DHS), such as the Service Prioritization Decision Assistance Tool (SPDAT), that identifies Rapid Re-Housing as the appropriate housing assistance option based on the applicant's needs;
   h)  Identification by the District of Columbia Housing Authority (DCHA) or other subsidized housing provider, as a household that is reasonably likely to receive DCHA or other subsidized housing within approximately twelve (12) months;
   i)  Willingness to take steps that could reasonably lead to increased income in the household; and
   j)  Identification of and willingness to take steps that could reasonably lead to permanent housing stability in cohabitation with family, friends or other appropriate and safe situations.

3.  You must provide the necessary documentation or information required to determine or verify your eligibility for FRSP assistance and the type or amount of assistance needed. Failure to do so in a timely manner can result in a denial of eligibility.

B.     **UNIT REQUIREMENTS**

1.  To participate in FRSP, you must select a unit that:
   a)  Meets the Rent Reasonableness standard, as determined by the D.C. Housing Authority (DCHA), unless approved by DHS or its designee; and
   b)  Passes the FRSP housing inspection.

2. You must actively seek housing to locate an appropriate unit as quickly as possible, and no later than thirty (30) days from the date of the Notice of Eligibility Determination, absent a good cause for delay caused by the actions or inactions of persons outside of the applicant's control. Additional assistance searching for and/or securing a unit may be available upon request. Please contact your shelter case manager for more information.

3. If you are receiving housing search assistance from your shelter case manager or other assigned case manager, you must view units in a timely manner. Failure to accept a unit after having been offered two (2) units that were available and met your stated needs may be a basis for termination from the FRSP.

*Note: Failure to select a FRSP-approved unit within 30 days from the date of the Notice of Eligibility Determination and completing steps necessary to lease and move into the unit in a timely manner may result in the eligible applicant not being able to receive FRSP assistance.*

## C.    LEASE REQUIREMENTS

1. All adults listed on the FRSP application must be listed on the lease under their full legal name. Any adult who is added to the household following FRSP entry or moves in to the unit must also be added to the lease.

2. After selecting a unit that meets the FRSP Unit Requirements, you must submit a timely and complete application to the landlord.

3. After approval by the landlord, you shall accept the unit or must explain in writing to the case manager why the offer of the unit does not serve your needs.

*Note: Failure to submit a timely and complete application to the landlord or accept a FRSP-approved unit once approved by the landlord without a written justification constitutes a violation of these Program Rules and may result in termination from the FRSP.*

## D.    CASE MANAGEMENT
*Upon acceptance of a housing unit that meets the FRSP Requirements and signing of the FRSP Client and Case Manager Roles & Responsibilities Agreement, the following Case Management requirements shall apply to all FRSP Participants.*

**Due to the COVID-19 Public Health Emergency FRSP Case Management Requirements have been adjusted and will remain in place until further written notice.**

1. As a FRSP Participant, you shall:
   a) Identify, with help from your case manager, goals and specific steps to work towards successful completion of those goals/actions. This includes, but is not limited to, working towards a housing and exit plan. If you are a recipient of Temporary Assistance for Needy Families (TANF) benefits, you may use your Individual Responsibility Plan (IRP) to identify these goals and steps.

b) Develop a budget plan with your case manager that shows how you will meet your monthly rental obligation for each month of FRSP participation. If you receive TANF benefits, your budget plan may also be a part of your IRP.

c) Stay in regular touch with your case manager.

    i) During your time in the program, your Case Manager will be in contact with you at least once a month about your goals, challenges, and overall progress. Your monthly contact may be in person or remotely as circumstances require. Certain circumstances will require your case manager to meet with you in person and contact you more often than once per month. These circumstances could include:

- **Lack of Response**: Case managers have been trying to reach you via phone, email or other means and there is no response after multiple contact attempts over a two-week period.
- **Domestic Violence (DV) Incident**: A DV situation was reported but the household is not responding to outreach efforts after the report.
- **Child Wellbeing:** An emergency situation was reported involving children in the household.
- **Maintenance Challenges**: Case managers could not remotely resolve critical maintenance issues, including no heat, gas leak, flooding, electrical issues, or other utilities issues; or there is a discrepancy between reports from you and your landlord about maintenance challenges.
- **Housing/Lease-Up:** Case managers may need to coordinate certain aspects of the housing and lease-up process in person where virtual processes are not applicable or possible.
- **High Vulnerability:** You may require in-person visits for services outlined in your case plan. You or your case manager may determine other factors that may warrant home visits depending on specific circumstances of the case.

    ii) If you are a TANF recipient, you must demonstrate activity in achieving goals identified in your Individual Responsibility Plan (IRP). If you are not a TANF recipient or if you have another set of goals as identified in subsection (a) above, you must demonstrate activity in the Housing Stabilization and Exit Plan you developed with your case manager. If there has been no progress made and no action in areas for which you are responsible, you and your case manager shall review your obligations under the FRSP Client and Case Manager Roles & Responsibilities Agreement, which you signed, and as explained in these Program Rules.

    iii) You and your case manager will formally reassess your goals minimally every four months, and during that review you must share proof of your income during the last thirty (30) days.

d) Ensure that your children are regularly attending school or a daycare program.

e) Contact your case manager immediately and BEFORE your rent payment is due if you believe you will have trouble paying your monthly portion on time. If you fail to pay your share of the rental payment on time, you shall be in danger of violating your lease with the landlord and may face the consequences for failure to pay rent, including termination from this program and eviction, as set forth in the lease.

f) You will be responsible for paying your portion of the rent as agreed upon in your lease. If enrolled in the Rental Partnership Initiative, you must pay no later than the 5th of each month. If you have any challenges with making your rent payment, you should inform your Case Manager immediately so a repayment plan can be developed. You may be cited for Program violations if you miss rental payments, which may result in termination from FRSP.

g) If you will be out of your unit for more than thirty (30) consecutive days for any reason, including vacation or an emergency, you must contact your case manager in order to obtain Program authorization. You and your case manager will establish a plan to: i) allow the two of you to remain in contact while you are gone; and ii) ensure that both your portion of the rent and your rental subsidy are timely paid while you are gone. The failure to obtain Program authorization for being out of your unit for more than thirty (30) consecutive days may result in your rental subsidy not being paid.

h) Report increases and decreases in your total monthly household income in writing to your case manager immediately and no later than fifteen (15) days of any decrease in income of fifty dollars ($50) or more. If you experience a decrease in your total monthly income that is equal to or greater than fifty dollars ($50), your rental contribution will be re-calculated. If you experience a decrease in monthly income of less than fifty dollars ($50), you may request that a recalculation be conducted.

i) Work toward economic self-sufficiency in order to achieve your long-term permanent housing solution. Your case manager will assist you with referrals to appropriate mainstream and community-based services that can support your efforts to become economically self-sufficient. To the extent that you are eligible for similar DHS-funded housing or rental assistance programs, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** may assist you in applying for those programs.

2. Education, Employment, or Employment Training
   a) If you do not have a high school diploma, you must enroll in a General Educational Development (GED), external diploma program or a job skills program within the first month of your FRSP Program Entry.

   b) Your case manager will discuss TANF Program Benefits, services, and resources with all adults in the household to ensure knowledge of and right to apply for relevant, including TANF, SNAP Education and Employment, Medicaid, and SOAR SSI/SSDI, and if applicable compliance with:

- TANF Employment Program (TEP) Provider or Primary Service Provider assignments
- Confirm Engagement level with TEP Provider
- If exemption or POWER status is near termination, inform the families of status and complete TANF assessment (or seek supervisory approval to contact the HSI-CU, if warranted)
- If not a TANF recipient review TANF Program benefits and resources utilizing the TANF Orientation and assist families with completing the Combined Application for Benefits, if families choose

c) You are expected to follow up on referrals to appropriate training programs within seven (7) days of receiving the referral, to participate in all scheduled classes in the chosen program, and to successfully complete the education or training program.

3. Financial Planning
   a) You are required to abide by your budget plan composed at the beginning of your engagement with your Case Manager. The budget will be updated as needed if your income or household circumstances change.
   b) You must contribute the required portion of your rental payment using one of the following options:
      - For families who are not enrolled in the Rental Partnership Initiative (RPI): Pay directly to your landlord each month on time.
      - **For families enrolled in Rental Partnership Initiative (RPI):**
        o Pay rental portion online via the online payment portal
           - You will be provided access to the web portal and registration instructions  will be provided within the first month of lease up.
        o Pay your portion of the rental payment directly to D.C. Housing Authority (DCHA) each month, on time to the following address:

                    Department of Human Services
                    c/o DCHA – FRSP
                    P.O. Box 49002
                    Baltimore, MD 21297-4902

        o If you would like to make your payment in person you can go to the DCHA located at:
           - 1133 North Capitol Street NE Washington, DC 20002
           - There is a security monitored drop box in the lobby to collect rent payments

      When you make your rental payments to DCHA via RPI, you should use the invoice provided to you by DCHA.

   c) If you receive TANF benefits, you may participate in the TANF vendor payment program for your rental amount. Please contact your case manager if you are interested in enrolling in this program.
   d) With the assistance of your Case Manager, you may obtain credit reports and credit scores. You may work with your case manager to correct errors on the credit reports, to establish payment plans, and to update credit scores, among other activities.

Approved May 2021

      e) Your failure to meet your case management responsibilities noted above is a Program Rules violation, and multiple Program Rules violations are grounds for transfer or termination from FRSP.

4. Permanent Housing
      a) The goal of the FRSP is to assist households in addressing housing barriers such as income, credit, budgeting, and tenancy issues that have previously made rental housing without a subsidy unachievable. The expectation is that the majority of households will exit FRSP successfully and have the ability to pay the total monthly rent for their unit, without a subsidy, on time in less than twelve (12) months. You have the option of staying in your current unit after your subsidy ends if you can maintain the rent. Should you wish to relocate, you can do that as well in accordance with the guidelines of your lease.

      b) Some households may be eligible and prioritized for additional subsidy programs including Permanent Supportive Housing and Targeted Affordable Housing based upon findings of the F-SPDAT and other assessment factors. You may be matched to a permanent housing resource via the Families Coordinated Assessment and Housing Placement (F-CAHP) process, and if referred, will be required to complete a housing voucher application. If you meet the prioritization threshold and have your application approved by DCHA, you may be able to apply the permanent housing program subsidy toward your current housing unit.

## E.   FRSP RENTAL SUBSIDY & PARTICIPANT'S RENTAL COSTS

1. You must pay your rent on time. You will contribute a minimum of forty percent (40%) and a maximum of sixty percent (60%) of your adjusted annual income toward housing costs as determined by DHS or its designee. You have a right to a reconsideration of the initial calculation and any recalculation. Such requests must be made in writing to Jane Oh, TCP Program Manager at JOh@community-partnership.org.

2. DHS or its designee shall disburse the FRSP rental subsidy on your behalf to your landlord and other vendors as applicable.

3. Changes in your income can affect your rental contribution amount. (See section D.1.h on page 4.) The FRSP rental subsidy amount could be reduced to $0 if 60% or less of your adjusted gross monthly household income is sufficient to pay 100% of your monthly market rent amount.

4. Your FRSP subsidy will end if your FRSP provider transfers you to another program or terminates services as described in § H below.

5. Once your FRSP assistance period ends, you may continue to reside in the housing unit in accordance with the terms of your lease. You shall be responsible for paying all housing and household expenses.

6. An extension of the FRSP rental subsidy of up to six (6) months may be granted, upon request, in limited circumstances and depending on funding availability. When considering a request for an

extension, DHS or its designee considers whether you have made good faith efforts (see APPENDIX for an explanation of these criteria) toward achieving the goals set forth in your Housing Stabilization and Exit Plan or Individual Responsibility Plan and the totality of your circumstances during your time in the Program. You should discuss any potential extension with your case manager at least ninety (90) days before you reach the 12-month limit.

**F.    FRSP PARTICIPANT'S RESPONSIBILITIES**

1.  You must follow all Program Rules in this packet.

2.  Participation in the FRSP:
    a)  You must regularly participate in Case Management, as described in Section D of these Program Rules. Your failure to meet your case management responsibilities would be a Program Rules violation, and multiple Program Rules violations can be grounds for transfer or termination from the program.
    b)  You must seek a housing unit that meets the Unit Requirements listed in Section B of these Program Rules.
    c)  You must seek employment, education, or training as described in Section D.2 of these Program Rules.
    d)  Once you are enrolled in FRSP, you must pay your portion of the rent as determined by DHS or TCP on time each month, and any utilities you are obligated to pay as outlined in your lease.
    e)  You must abide by the rules and guidelines of the lease that you have signed.
    f)  You must participate in formal case management reviews of your participation in the Program as scheduled by your Case Manager.

3.  Drugs, weapons, violence. You must *not* do any of the following while you are a FRSP Participant:
    a)  possess or sell illegal drugs in the unit subsidized by the FRSP;
    b)  possess a weapon in the unit subsidized by the FRSP;
    c)  assault or batter any person, or threaten to do so, in the unit subsidized by the FRSP;
    d)  any other acts that endanger the health or safety of yourself or any other individual in the unit subsidized by the FRSP.
    e)  intentionally or maliciously vandalize, destroy, or steal the property of any person in the unit subsidized by the FRSP.

4.  Children. It is your responsibility to:
    a)  Ensure that school-aged children in your physical custody are enrolled in school.
    b)  Ensure children in your physical custody receive appropriate supervision.
    c)  Use child care services when necessary to enable you to seek employment or housing or to attend school or training, when appropriate, unless you meet an exemption under the District's laws and rules governing the Temporary Assistance for Needy Families (TANF) program. (*See* D.C. Official Code § 4-205.19g or 29 DCMR § 5809.4 (b)-(e), or as revised.)

**G.    FRSP PARTICIPANT'S RIGHTS**

1.  You have the right to be treated fairly and respectfully.

2. You have the right to be treated with dignity and respect by the **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , TCP and DHS staff.

3. You have the right to access homeless services free from discrimination on the basis of race, color, religion, national origin, language, culture, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, status as a victim of an intrafamily offense, and place of residence or business, as required by the following laws:

   **District of Columbia Human Rights Act (D.C. Official Code § 2-1401 *et seq*.)**
   **Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 *et seq*.)**
   **Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq*.)**
   **Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a et *seq*.)**
   **Language Access Act of 2004 (D.C. Law 15-167; D.C. Official Code § 2-1931 *et seq*.)**

4. You have the right to access services free from verbal, emotional, sexual, financial, and physical abuse and exploitation.

5. You have the right to practice or not to practice a religion.

6. You have the right to be treated in all ways in accordance with your gender identity and expression, including:
   a) use of gender-specific facilities including restrooms, showers, and locker rooms;
   b) being addressed in accordance with your gender identity and expression;
   c) having documentation reflect your gender identity and expression;
   d) being free from dress codes that are in conflict your gender identity and expression;
   e) confidentiality of information regarding your gender identity and expression; and
   f) being free from discrimination in the provision of health care and mental health services related to your gender identity and expression.

7. You have a right to be free from testing for drugs or alcohol except when you consent to drug or alcohol testing as part of your case management plan.

8. You have rights relating to your personal information:
   a) At a reasonable time and with reasonable prior notice, you have the right to view and copy, or have someone you authorize view and copy, all records and information (both paper and electronic) that are related to you and kept by either DHS or the FRSP Provider.
   b) You have the right to confidential treatment of personal, social, legal, financial, educational, and medical records and information related to you or a member of your family by DHS, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , and TCP in a manner consistent with the confidentiality requirements of District and federal law.  This is true whether or not the information came from you, personally, or from another source.
   c) Basic information about you, including your receipt of services, is stored in the D.C. Homeless Management Information System (HMIS). This city-wide data collection

system provides a record for administering the program and evaluating the services provided to you. Your information will not be disclosed without your written consent, unless disclosure is required by law or permitted by law to meet funding, administrative, or research requirements. You may request a copy of this agency's privacy policy at any time.

9. You have the right to give input and feedback about FRSP services.

10. You have the right to be told the name and job title of any staff member delivering services.
    a) You have the right to provide input and feedback to the FRSP Provider about delivery of services.
    b) You have the right to file complaints with, testify before, or provide information to **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , TCP, DHS, the Mayor, or other appropriate offices regarding the delivery of services or your treatment.
    c) You have the right to participate in the development of your case management plan, assess your progress toward the goals of your case management plan, and review or update your case management plan on a regular basis, with the assistance and support of your case manager.

11. You have the right to timely notice of decisions made by **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , TCP or DHS that adversely affect your receipt of services, and you have the right to appeal any such decision through a Fair Hearing when required and permitted by the HSRA.

12. You have the right to continue receiving FRSP assistance without interruption while you wait for the final outcome of any Fair Hearing, if you filed an Appeal within fifteen (15) calendar days of receiving a written notice of a decision that adversely affects your receipt of services. However, in cases of a non-emergency transfer, emergency transfer, emergency suspension, or emergency termination, this right does not apply.

13. You have the right to be free from retaliation, punishment, or sanction for exercising any rights provided in these Program Rules or under the HSRA.

14. You have the right to leave and return and to receive visitors:
    a) You have the right to leave and return to the unit in which you are housed at will, in accordance with your lease or occupancy agreement.
    b) You have the right to meet and communicate privately with attorneys, advocates, clergy, physicians, and other professionals.
    c) You have the right to receive visitors in your housing unit in accordance with your lease or occupancy agreement.

15. You have the right to be free from inspections by any person acting on behalf of **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , TCP, DHS, DCHA or by a District agency administering the HSRA, with the following exceptions:
    a) You may be required to participate in one unit inspection per year, as required for FRSP participation; or your housing unit will be subject to inspection when, in the opinion of

**DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** , TCP, DHS, DCHA or another District agency, there is reasonable cause to believe that you are in possession of a substance or object that poses an imminent threat to the health and safety of you or any other person in your housing unit, and such reasonable cause is documented in your record.

b) You have the right to be present or have another adult member of the family present at the time of any inspection, except in the circumstances described in subsection (b) above.

c) You have the right to prior notice of any inspection, except in the circumstances described in subsection (b) above.

d) You have the right to receive a housing inspection conducted in accordance with FRSP's inspection requirements before moving into a housing unit, with a copy of the inspection report to be retained in your case file.

16. You have the right to conduct your own financial affairs, subject to the reasonable requirements of your budget and case management plan or of these Program Rules.

17. You have the right to associate and assemble peacefully with others, in accordance with your lease or occupancy agreement.

18. If you have a disability, you have the right to receive reasonable modifications to policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless DHS or the FRSP Provider demonstrates that the modifications would fundamentally alter the nature of the services.

19. You have the right to request or have another person authorized to act on your behalf request a reasonable modification at any time, either verbally or in writing.

a) When you ask for a modification, you will be asked to fill out a modification/accommodation request form.  If you are unable to fill out the form, a staff person or your case manager will help you.

b) If an immediate modification is required and evident, the **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** may conditionally approve the request until a final decision is made.

c) Once a decision is made you will receive notification as to whether the request was approved or denied:
   - If your request is approved, it may be granted immediately;
   - If it is denied, you will be informed in writing.

d) If you wish to appeal the decision you may request a Fair Hearing from the Office of Administrative Hearings (OAH) (*See* Section J of these Program Rules for additional information about this process).

e) If you would like to file a complaint regarding your decision, you may make a complaint to the DHS American with Disabilities Act (ADA) Coordinator by phone at (202) 671-4438, by email at ADA.Services@dc.gov, or by fax at (202) 671-4409.  You may also file a complaint with the D.C. Office of Human Rights at (202) 727-4559.

**H.    FRSP'S RIGHTS TO SANCTION, TRANSFER OR TERMINATE SERVICES**

1. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** can use alternative sanctions for specified violations of the Program Rules.

2. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** or TCP can TRANSFER you to another FRSP Provider.

   a) You must receive 15 days' oral and written notice of the transfer date and the reason for the transfer. However, in the case of an emergency transfer, this does not apply.
   b) You can be transferred through direct arrangements with another shelter, housing organization or program, or with central intake.
   c) You can be transferred when you consent to the transfer.
   d) You can be transferred without your consent if:
      - **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** identifies and secures a placement with another shelter or housing organization that more appropriately meets your medical, mental health, behavioral, or rehabilitative service needs; OR
      - You do not comply with the Rules and Responsibilities listed in these Program Rules, and you have received notice of the Rules. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must make a good-faith effort to assist you with complying with the Program Rules.

3. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** can TERMINATE your rental subsidy and your FRSP case management services if you or a member of your household:
   a) Possess a weapon in the unit subsidized by FRSP;
   b) Possess or sell illegal drugs in the unit subsidized by FRSP;
   c) Assault or batter any person in the unit subsidized by FRSP;
   d) Endanger your safety or the safety of others;
   e) Intentionally or maliciously vandalize or destroy the unit subsidized by FRSP or steal the property of any person in the unit subsidized by FRSP;
   f) Fail to accept an offer of appropriate permanent housing or supportive housing that better serves your needs after having been offered two (2) appropriate permanent or supportive housing opportunities; or
   g) Knowingly engage in repeated violations of FRSP Program Rules.
   h) In the case of a termination pursuant to sub-section (f) and (g) above, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must have made reasonable efforts to help you overcome obstacles to obtaining permanent housing.

4. In cases of termination where the violation is not an imminent threat to the health and safety of the participant or others, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must:
   a) Give you 15 days' oral and written notice of the termination date and reason for the termination.
   b) Document that they have considered suspension or made a reasonable effort to transfer you, depending on the severity of the act leading to the termination.

Approved May 2021

5. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** can transfer, suspend, or terminate your benefits IMMEDIATELY or within 24 hours if you pose an imminent threat to yourself or others:

   a) Your benefits may be transferred, suspended, or terminated immediately or within 24 hours of the incident if you present an imminent threat to the health or safety of yourself or any other person in the housing unit subsidized by FRSP, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** staff, TCP staff, or DHS staff.

   b) **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is not required to give you prior written notice.

   c) **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is required, however, to try to give you written notice at the time the action is taken.

   d) If it is not possible or safe to give you written notice at the time of the action, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is required to try to give you written notice within the next fifteen (15) days.

   e) If **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is unable to locate or contact you, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must give you the written notice when you request it if less than 90 days has passed since the emergency transfer, suspension, or termination began.

   f) The **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must notify DHS of the action taken against you at the time that it is taken.

   g) Within 24 hours of receipt of the notification by DHS, DHS will issue a written decision as to whether the Provider's emergency transfer, suspension or termination can be upheld or denied.

   h) **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is to give a copy of the completed Emergency Finding form to you as soon as reasonably possible after receiving the document from DHS.

   i) If your whereabouts are unknown and **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** has made reasonable efforts to find you, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** shall retain a copy of the Emergency Finding form from DHS and deliver it to you if and when the opportunity arises.

   j) If DHS denies the emergency action, **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** must immediately reinstate services to you.

   k) If DHS upholds the emergency action, you may appeal the action through a Fair Hearing (*See* Section J for information about this process).

## I.    FRSP'S RIGHT TO EXIT YOU FROM THE PROGRAM

1. **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** or TCP may EXIT you from FRSP only when:

   a) i)  Your time period for receiving FRSP assistance has reached the assistance limit (in this case, the assistance cap of 12 months);

   ii)  DHS determines that you cannot be recertified to continue receiving FRSP assistance; and

   iii) You were assigned to **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** as your FRSP Provider for substantially all of your time in the program; or

  b) DHS or TCP determines that you are no longer eligible for services in FRSP.

2. A program exit is not the same as a termination, as described in section H.3 above.

**J. YOUR RIGHT TO APPEAL**

1. Grievance Procedures: **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** has a grievance procedure, through which you have the right to mediate any problem. Please see Section N or contact your case manager for more information.

2. Your Right to Appeal:
  a) You also have the right to appeal any decision that adversely affects your receipt of services, when permitted by the HSRA. You also have the right to appeal any violation of the Common Standards that apply to FRSP or any violation of your rights listed in Section G of these Program Rules.
  b) Your appeal is called a Fair Hearing and is held at the District of Columbia's Office of Administrative Hearings (OAH).
  c) You have the right to an Administrative Review before the Fair Hearing. The Administrative Review is less formal than a Fair Hearing and is conducted by an employee of DHS.
  d) You have a right to timely (15 days before the decision takes effect) notice of any non-emergency termination, suspension for a period lasting ten (10) days or more, or transfer by the FRSP Provider that negatively affects your services.
  e) You have the right to notice of any program exit at least 30 days before the effective date of the program exit.
  f) You have the right to continue to receive services without change while you wait for the final outcome of any Fair Hearing that is requested within 15 calendar days of receipt of a written notice of a decision to terminate services in a non-emergency situation.
  g) If you are requesting a Fair Hearing to appeal an emergency suspension, or emergency termination, you DO NOT have the right to receive services without change pending the final outcome of your Fair Hearing.

3. To Request a Fair Hearing:
  a) Call the Office of Administrative Hearings at (202) 442-9094 or send in a request for a Fair Hearing in writing to the Office of Administrative Hearings, 441 4th Street, N.W., Suite 450, Washington, D.C. 20001; OR
  b) Call the Family Services Administration at (202) 698-4170, or send in a request for a Fair Hearing in writing to the Family Services Administration, 64 New York Avenue, N.E., Washington, D.C. 20002; OR
  c) Tell a staff member from your FRSP Provider or your case manager that you want a Fair Hearing. By law, the staff member must help you make your request.

4. To Receive an Administrative Review:
   a) You do not need to file a separate request for an Administrative Review. Once you request a Fair Hearing, DHS will conduct an Administrative Review of your appeal to determine its legal validity and, if possible, to reach an informal resolution.
   b) A notice will be sent to you notifying you of the time, date, and place for the Administrative Review.
   c) If you do not appear at the Administrative Review, you will still have the right to the Fair Hearing you requested.
   d) The Office of Administrative Hearings will send you a notice of the date, time and place of the Fair Hearing.

5. Your rights at the Fair Hearing or Administrative Review:
   a) You have the right to be represented by a lawyer (see below), relative, or any other person of your choice who is not an employee of the D.C. Government.
   b) You have the right to bring witnesses or evidence that helps your case.

6. You may obtain free legal representation from:
   a) *Bread for the City at (202) 265-2400 OR (202) 561-8587*
   b) *Legal Aid Society of the District of Columbia at (202) 628-1161*
   c) *The Washington Legal Clinic for the Homeless at (202) 328-5500*

7. You may file discrimination claims:
   - If you think you have been discriminated against because of race, religion, color, sex, national origin, disability, personal appearance, age, marital status, sexual orientation or another basis, you may file a complaint with the D.C. Office of Human Rights at (202) 727-4559 within 365 days of the discrimination.

## K.    BEHAVIOR REQUIREMENTS

1. Health and Safety.
   a) Landlords may ask FRSP Participants for criminal history checks to qualify for an apartment. Apartments must be kept clean, neat, free of trash, and safe for children at all times.

2. Illegal Drugs, Weapons, and Prostitution
   a) Illegal drugs and drug paraphernalia are not permitted in any FRSP Participant's apartment or anywhere on the apartment complex property.
   b) Visitors may not bring illegal drugs into any FRSP Participant's apartment or anywhere on the premises where your apartment is located. Persons under the influence of drugs should not visit any FRSP Participant's apartment.
   c) Using, selling, purchasing, or distributing any form of illegal drugs is strictly prohibited.
   d) Weapons of any kind are not permitted in any FRSP Participant's apartment.
   e) Prostitution is strictly prohibited in any FRSP Participant's apartment or anywhere on the apartment complex property.

3. General Conduct While in FRSP

a) You and your children are required to behave respectfully to one another and to **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** case management staff.
b) Profanity and vulgar language are unacceptable and will not be tolerated.
c) All FRSP Participants must maintain quiet tones within their apartments, the hallways, and on apartment complex grounds (as outlined in the terms of your lease)
d) Music may not be played so loud that it is heard outside or in another apartment.
e) Verbal or physical altercations and threats to others are strictly forbidden.
f) Parents are fully responsible for the actions, behavior, and care of their children.
g) FRSP Participants are not permitted to hang out of windows or to climb in and out of windows.
h) FRSP Participants are expected to abide by the terms of their lease agreement at all times.
i) FRSP Participants are responsible for the conduct of their visitors.

**L.    PETS**

You are not permitted to have any types of pets or animals in your apartment except those allowed by your lease agreement.  Exceptions to this rule will be made for Service Animals in accordance with this program's Reasonable Accommodation policy and the Americans with Disabilities Act or Emotional Support Animals, in accordance with federal fair housing law.

**M.    ALTERNATIVE SANCTIONS**

1. If you fail to follow these rules or abide by the HSRA, you may receive a rule violation notice, an alternative sanction, or a warning letter.  Please consult your FRSP case manager with any questions.
2. Depending on the seriousness of the violation, you may receive an alternative sanction that may include the loss of special privileges and imposition of additional responsibilities, including but not limited to: additional case management meetings, additional training classes, additional parenting classes, additional addiction treatment, suspension of a privilege, or other sanctions.
3. Staff will take steps to transfer or terminate a FRSP participant who continues to violate rules, as allowed by the HSRA. (*See* Section I of these Program Rules for more information.)
4. The FRSP Provider generally will not become involved in disputes between you and your landlord; however, if you have difficulty paying your portion of the rent, please contact your FRSP case manager as soon as possible.

**N.    GRIEVANCE POLICY AND PROCEDURES**

1.    If you have a concern or complaint about the quality of services provided, you are encouraged to attempt to work out the problem directly with the person involved and or with their supervisor.

2.    If the outcome of this discussion is not satisfactory, you may begin the grievance procedure. The steps for initiating a grievance are:

a.  Submit your concern or complaint in writing to the **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY Homeless Services Coordinator** who has five (5)

business days to meet with you to discuss the situation. At the conclusion of the meeting, the **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY Homeless Services Coordinator** will explain the recommendation(s) to you. You will also receive the recommendations in writing on a grievance form. You will be asked to indicate whether or not you agree with his or her recommendation(s).

b.  If you disagree, you may elevate your grievance to **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY Program Manager**, who has seven (7) business days to meet with you.  **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY Program Manager** will make a recommendation. You will be asked whether or not you agree with his or her recommendation.  While this is the end of the internal grievance process, you have the right to file complaints or to appeal as described in Section J of these Program Rules.  **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY Homeless Services Coordinator** can be reached at:

> **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY 2100 Martin Luther King Jr Ave SE WDC 20020 PHONE # 202-701-8740**

3.  If you disagree with the recommendation of **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY**, or if you do not feel comfortable meeting with any **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** staff about the grievance, you have a right to file a complaint by contacting The Community Partnership (TCP) through the following:

   a.     TCP complaint hotline: 1 (877) 341-3702

   b.     Mail: 801 Pennsylvania Ave SE, Suite 360 Washington, DC 20003

   c.     Send an email to: feedback@community-partnership.org

4.  If you disagree with the recommendation of The Community Partnership (TCP), you have a right to file a written complaint with the Department of Human Services (DHS):

   Darrell Cason, DHS Family Stabilization Rehousing Program (FRSP) Program Manager
   64 New York Avenue N.E.
   5th Floor
   Washington, DC 20002
   Darrell.cason3@dc.gov

5.  If you feel that **DEPARTMENT OF HUMAN SERVICES- OFFICE OF WORK OPPORTUNITY** is violating your rights or not fulfilling its responsibilities, you may also request a Fair Hearing in accordance with the procedures outlined in Section J of these Program Rules.

Approved May 2021

## O.    ACKNOWLEDGEMENT #1

I acknowledge that I have received, understand, and if I am accepted into the FRSP, I will accept the Program Rules of the FRSP.  I further understand that I will be required to enforce these rules with my entire family.

_____    ████████    _____

Participant's Signature              Printed Name                              Date

_____

Signature of Co- Head of Household      Printed Name                     Date

*eSigned via SeamlessDocs.com*
*Angelique Rice*                **Angelique Rice**                  06-30-2023
*Key: 6f3aa41111fb8e6d2b8c704544ac9d23*
Signature of FRSP Provider Staff         Printed Name                     Date

_____

FRSP Provider Staff Person's Title


## P.    ACKNOWLEDGEMENT #2

I acknowledge that I have received, understand, and I accept the Program Rules of the Family Re-Housing and Stabilization Program.  I further understand that I am required to enforce these rules with my entire family.

_____    ████████    _____

Participant's Signature              Printed Name                              Date

_____

Signature of Co- Head of Household      Printed Name                     Date

*eSigned via SeamlessDocs.com*
*Angelique Rice*                **Angelique Rice**                  06-30-2023
*Key: 6f3aa41111fb8e6d2b8c704544ac9d23*
Signature of FRSP Provider Staff         Printed Name                     Date


**FRSP Manager Community Advocate**
FRSP Provider Staff Person's Title

Approved May 2021

# APPENDIX

**Good Faith Effort Criteria**

The Family Re-Housing Stabilization Program (FRSP) uses the criteria below to determine whether participants have made a good faith effort to remain actively engaged in case management services and working to achieve the goals in their Housing Stabilization and Exit Plan or Individual Responsibility Plan. DHS or its designee will refer to these good faith criteria as part of the extension determination process.

1. Rental Payments:
   ☐ You have paid your monthly rent portion across 75% or more of your time in the program
2. Utility Payments:
   ☐ You have paid your monthly utility bills across 60% or more of your time in the program
3. Community Living and Lease Adherence:
   ☐ You have no lease violations across the past 3 months
   ☐ You have been participating in case management meetings (at least 1 per month: virtual, telephonic, or in person)
   ☐ You have participated in at least 9 home visits within a 12-month period; 11 home visits within a 15-months period (virtual or in person as initiated by the assigned FRSP case manager)
4. Income/Employability:
   ☐ You have secured employment or you have increased your household income through other income sources
      OR
   ☐ You have engaged with a TEP Vendor or you have enrolled in an education or employment program that will lead to a credential that could reasonably improve your ability to earn self-sustaining income.
5. Goal attainment:
   ☐ You have been achieving the goals identified in the Housing Stabilization and Exit Plan or Individual Responsibility Plan created with assigned Case Manager

Approved May 2021

# EXHIBIT 3
# TO COMPLAINT

# Seward, et al. v. District of Columbia, et al.

**DEPARTMENT OF HUMAN SERVICES**

**FAMILY SERVICES ADMINISTRATION**

**FAMILY RE-HOUSING AND STABILIZATION PROGRAM**

**<u>NOTICE OF EXHAUSTION OF FUNDING FOR EXTENSIONS</u>**

The District of Columbia (District) Department of Human Services (DHS) Family Services Administration (FSA), pursuant to 29 DCMR § 7812.2, announces the exhaustion of funding for extensions of Family Re-Housing and Stabilization Program ("FRSP" or "Program") assistance beyond the standard program period of twelve (12) months for Fiscal Year 2025.

DHS relied on budget appropriations and Program spending projections for FRSP rental subsidies and other FRSP services for current participants and projected new enrollees to reach this determination that funding in unavailable within FRSP for extending FRSP assistance beyond the standard program period of twelve (12) months.  Accordingly, requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for Fiscal Year (FY) 2025.

This Notice shall remain in effect until FY 2026 or the publication of a Notice in the *District of Columbia Register* indicating that additional appropriated funding has been authorized for the resumption of extensions of FRSP assistance beyond the standard program period of twelve (12) months in FY 2025.

If you have any questions or require additional information, please contact the DHS/FSA FRSP office at Darrell.cason3@dc.gov.

# EXHIBIT 4
# TO COMPLAINT

# Seward, et al. v. District of Columbia, et al.

# DEPARTMENT OF HUMAN SERVICES

# FAMILY SERVICES ADMINISTRATION

# FAMILY RE-HOUSING AND STABILIZATION PROGRAM

## NOTICE OF EXHAUSTION OF FUNDING FOR EXTENSIONS

The District of Columbia (District) Department of Human Services (DHS) Family Services Administration (FSA), pursuant to 29 DCMR § 7812.2, announces the exhaustion of funding for extensions of Family Re-Housing and Stabilization Program ("FRSP" or "Program") assistance beyond the standard program period of twelve (12) months for the remainder of Fiscal Year 2024.

DHS relied on budget appropriations and Program spending projections for FRSP rental subsidies and other FRSP services for current participants and projected new enrollees to reach this determination that funding in unavailable within FRSP for extending FRSP assistance beyond the standard program period of twelve (12) months.  Accordingly, requests for FRSP assistance extending beyond the standard program period of twelve (12) months shall not be considered for the remainder of Fiscal Year (FY) 2024.

This Notice shall remain in effect until the beginning of FY 2025 or the publication of a Notice in the *District of Columbia Register* indicating that additional appropriated funding has been authorized for the resumption of extensions of FRSP assistance beyond the standard program period of twelve (12) months in FY 2024.

If you have any questions or require additional information, please contact the DHS/FSA FRSP office at Darrell.cason3@dc.gov.

**Superior Court of the District of Columbia**
CIVIL DIVISION
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Zion Seward and Tyia Black
_____
                                         Plaintiff
                        vs.                                              2024-CAB-008020

District of Columbia
_____        Case Number  _____
                                         Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James E. Rocap, III
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney
1330 Conn. Ave., N.W.
_____        By  _____
Address
Washington, D.C.  20036                                          Deputy Clerk
_____                    December 20, 2024
202−429−8152
_____        Date  _____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828를 전화주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español